UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY CARLSON, individually, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:20-cv-590 |
| | ) |
| BERKLEY ACCIDENT AND HEALTH, LLC, | ) Judge Feinerman |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S RESPONSE DEFENDANT'S
MOTION TO DISMISS COUNTS II AND IV OF PLAINTIFF'S COMPLAINT**

Plaintiff, Amy Carlson, respectfully requests this Court deny Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint. Plaintiff, upon further research, agrees that Count II should be dismissed. However, Count IV properly pleads a recognized cause of action and should not be dismissed by this Court. As discussed below, the Court should deny Plaintiff's Motion to Dismiss Count IV of Plaintiff's Complaint.

**Introduction**

Count VI of Plaintiff's Complaint seeks recovery under the Illinois Equal Pay Act (820 ILCS 112) ("the Act"). As noted in Defendant's Motion, the factual allegations set forth in the Complaint must be taken as true for purposes of the Motion to Dismiss. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff's Complaint states that she was paid substantially less than her similarly situated male peers, despite her performance being equal to or better than said male peers. (Compl., ¶¶14-15).

**Argument**

To state a claim for such discrimination under the Act, a plaintiff must show: "(1) higher wages were paid to a male employee, (2) for equal work requiring substantially similar skill, effort and responsibilities, and (3) the work was performed under similar working conditions." *Warren v. Solo Cup Co.,* 516 F.3d 627, 629 (7th Cir. 2008) (quoting *Stopka v. Alliance of Am. Insurers,* 141 F.3d 681, 685 (7th

Cir. 1998)). Here, Plaintiff's Complaint addresses all the requisite elements of a under the Act.

Defendant seems to be looking exclusively at the section under the heading "Count IV" in the Complaint (Compl., ¶¶49-52) despite the fact that Plaintiff incorporated all prior paragraphs into that count (Compl., ¶49), which includes paragraphs substantiating Plaintiff's claims under the Act (*see* Compl., ¶¶14-15, 17). Additionally, Plaintiff's Complaint cites instances of account steering (Compl., ¶¶18-21), a practice used to diminish Plaintiff's wages but not her male peers. Defendant fails recognize these sections of the Complaint as they ruin its claim that Plaintiff's allegations are "threadbare" and should be dismissed as such. A full reading of the Complaint supports Plaintiff's claim under the Act, and thus should not be dismissed pursuant to Fed. R. Civ. P. 12(b)(6).

## **CONCLUSION**

For the abovementioned reasons, Plaintiff, Amy Carlson, requests that this Court deny Defendant's Motion to Dismiss Count IV of her Complaint.

Date: February 27, 2020

John M. Liston
HR Law Counsel
333 W. Wacker Drive, Suite 500
Chicago, IL 60606
(847) 528-5024
john@hrlawcounsel.com

AMY CARLSON

/s/ John M. Liston
One of Her Attorneys

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 27, 2020, I electronically filed the foregoing upon all persons and entities registered and authorized to receive such service through the Court's Case Management / Electronic Case Files (CM/ECF) system.

                                                */s/ John M. Liston*