UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **Amy Carlson, individually,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| | ) | |
| v. | ) | Case No. 1:20-cv-590 |
| | ) | |
| | ) | |
| **Berkley Accident and Health, LLC,** | ) | Judge: The Honorable Gary Feinerman |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

**PLAINTIFF'S RESPONSE TO DEFNENDANT'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff, Amy Carlson, by her attorneys, HR Law Counsel, responds to Defendant Berkley Accident and Health, LLC,'s Motion for Summary Judgment as follows:

**INTRODUCTION**

The motion for summary judgment filed by Berkley Accident and Health, LLC ("BAH") should be denied as there are genuine issues of material fact at play in this case, such as BAH's motivation in its account steering program, which disproportionately impacted Plaintiff and the only other female sales representative working for BAH at the time. There are no legitimate business reasons to justify BAH's conduct in this matter. BAH owes Plaintiff compensation for accrued but unused vacations time and earned commission pursuant to the Illinois Wage Payment and Collection Act ("IWPCA"). (820 ILCS 115/1 *et seq.* As such, Plaintiff's claims remain viable as a matter of law.

1

## ARGUMENT

**I.     Plaintiff Exhausted Her Administrative Remedies**

Plaintiff exhausted her administrative remedies in this matter. She timely filed charge number 440-2018-0430 with the Equal Employment Opportunity Commission, which cross-filed the charge with the Illinois Department of Human Rights. Plaintiff received a right to sue letter in the above referenced charge and timely filed this action.

**II.     Defendant Discriminated Against Plaintiff in its Compensation Practices**

Here, Defendant's "work assignment" practices were essentially a reduction in Plaintiff's compensation since Plaintiff was required to provide service for accounts in her territory for which she could not earn commission. As such, these claims are more than a mere issue of assignment of work and relate to the total compensation Plaintiff could receive. Moreover, Plaintiff was repeatedly told by Defendant that she would receive commissions for several of the accounts within her territory in the next fiscal year by Defendant as an inducement for Plaintiff to remain an employee of Defendant.

**III.     Plaintiff Established Discriminatory Pay Practices Under the IEPA and IHRA.**

Plaintiff has demonstrated that similarly situated male employees received more favorable treatment than female sales representatives. This includes Scott Campbell being allowed to sell MEC products, despite the fact that Plaintiff and Ms. Gallo were more experienced and knowledgeable with those products and often assisted Mr. Campbell with those sales. Defendant has failed to provide a legitimate reason so to why Plaintiff and Ms. Gallo were not allowed to sell a product that would have increased revenue for Defendant with minimal costs while their male peer was enabled to do so nor did it explain by Mr. Campbell was selected for this "special program."

**A.     BAH's Pay Practices Were Discriminatory**

All of the purportedly "non-discriminatory" disproportionately impacted Plaintiff and the other female sales representative and directly benefited a male sales representative, John Wapelhorst. Despite the fact the majority of Defendant's sales representatives are men, it can only point to one example of a decision negatively impacting one of Plaintiff's male peers.

While Defendant is free to honor client requests, like the one made by Stan Burt, it is not free to excise those accounts from Plaintiff's territory without notice. Moreover, Plaintiff has alleged that other sales representatives in similar situations to the one involving Stan Burt and Rocko Robinson received commissions on the sales sold directly by the underwriter, whereas Plaintiff did not. This is in and of itself discriminatory as Plaintiff did not receive the same treatment as her male peers.

### IV. Plaintiff is Owed Compensation Under the IWPCA

Defendant's claim that Plaintiff was not working is unsupported by facts and inconsistent with the nature of the work Plaintiff performed. Plaintiff stated that she was working during the period in question, her geographic location has nothing to do with her productivity and does not negate the fact that she was responding to work related inquiries and generating value for Defendant throughout that trip. As such, Plaintiff is entitled to her accrued but used vacation time in accordance with IWPCA.

### Conclusion

For the foregoing reasons, this Court must deny Defendant's motion for summary judgment.

DATED: March 31, 2021

Respectfully submitted,

Amy Carlson

By: /s/ John M. Liston

One of Plaintiff's Attorneys
John M. Liston
HR Law Counsel
333 West Wacker Drive, Suite 500
Chicago, Illinois 60606
john@hrlawcounsel.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 31, 2021, he caused a the foregoing to be served upon all person and entities authorized and registered to received such service through the Court's Case Management/Electronic Case Files (CM/ECF) system.

*/s/ John M. Liston*