UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| AMY CARLSON, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 20-cv-00590 |
| | ) |
| BERKLEY ACCIDENT AND HEALTH, LLC | ) Honorable Judge Gary S. Feinerman |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS
<u>MOTION FOR SUMMARY JUDGMENT</u>**

## INTRODUCTION

Plaintiff's three-page response to BAH's Motion for Summary Judgment (Plaintiff's "Response") completely fails to establish any genuine issue of material fact for trial. Contrary to the requirements of Federal Rule of Civil Procedure 56 and Local Rule 56.1, Plaintiff's Response fails to cite to any admissible record evidence supporting any of her assertions. All of the facts in BAH's Local Rule 56.1 Statement of Undisputed Material Facts must be deemed admitted, and these admitted facts entitle BAH to judgment as a matter of law on all of Plaintiff's claims in the Amended Complaint.

## ARGUMENT

**I. Plaintiff's Response Neither Contests The Facts Asserted By BAH Nor Offers Any Admissible Evidence in Support of Her Claims**

    **A. Plaintiff's Failure to Respond to BAH's Local Rule 56.1 Statement of Undisputed Facts Means That All 78 Paragraphs in BAH's Statement Must Be Deemed Admitted**

In accordance with Local Rule 56.1(a)(1) and (2), BAH supported its Motion for Summary Judgment with a Memorandum of Law (BAH's "Memorandum") and a Statement of Undisputed Material Facts. (ECF Nos. 54, 55). Local Rule 56.1(b)(2) provides that "[e]ach party opposing a summary judgment motion shall serve and file . . . a response to the LR 56.1(a)(2) statement of material facts that complies with LR 56.1(e) and that attaches any cited evidentiary material not attached to the LR 56.1(a)(2) statement." Local Rule 56.1(e)(3) warns parties that "[a]sserted facts may be deemed admitted if not controverted with specific citations to evidentiary material."

Plaintiff has altogether failed to file a response to BAH's Local Rule 56.1 Statement of Undisputed Material Facts. Therefore, all of the facts asserted by BAH in that Statement of

Undisputed Material Facts must be deemed admitted. *Adams v. Walmart Stores, Inc.*, 324 F.3d 935, 937 (7th Cir. 2003) (if a party opposing summary judgment fails to respond to the moving party's statement of material facts, those facts will be deemed admitted); *Daniels v. Janca*, 2019 WL 2772525, at *2 (N.D. Ill. July 2, 2019) (Feinerman, J.) ("The problem is not that [Plaintiff] failed to *strictly* comply with Local Rule 56.1(b)(3)(B); rather, it is that he did not comply at all. Accordingly, the court accepts as true the facts set forth in Defendants' Local Rule 56.1(a)(3) statement 'to the extent th[ose] facts [a]re supported by admissible and docketed evidence.'"); *Raymond v. Ameritech Corp.*, 2005 WL 525421, at *3 (N.D. Ill. Mar. 4, 2005), *aff'd,* 442 F.3d 600 (7th Cir. 2006) ("The opposing party's failure to controvert the moving party's statement of facts results in the moving party's version of the facts being deemed admitted").[1]

### B. The Factual Allegations In Plaintiff's Response Are Not Admissible Evidence on Summary Judgment

#### 1. Plaintiff Cannot Assert Facts in Her Response Without Complying With Local Rule 56.1(b)(3)

Local Rule 56.1(b)(3) specifies the exclusive method for the non-moving party on summary judgment to assert additional facts. Local Rule 56.1(b)(3) provides that "if the opposing party wishes to assert facts not set forth in the LR 56.1(a)(2) statement or the LR 56.1(b)(2) response," the opposing party must file "a statement of additional material facts that complies with LR 56.1(d) and that attaches any cited evidentiary material not attached to the LR 56.1(a)(2) statement or LR 56.1(b)(2) response." Local Rule 56.1(b)(3).

---

[1] Local Rule 56.1 was amended effective February 18, 2021, and the amendment changed some of the paragraph numbers in the Rule, but the substance of Local Rule 56.1—including the requirement that the non-moving party file a written response to the moving party's statement of facts—remains the same.

Here, Plaintiff failed to file a statement of additional material facts or comply with any part of Local Rule 56.1(b)(3). Instead, Plaintiff attempts to introduce facts through her Response brief, in violation of the express provisions of Local Rule 56.1(b)(3). Consequently, all of the factual assertions in Plaintiff's Response must be rejected. *Malec v. Sanford*, 191 F.R.D. 581, 584 (N.D. Ill. 2000) ("Rule 56.1(b)(3)(B) provides the *only* acceptable means of . . . presenting additional facts. Simply providing additional facts in one's responsive memorandum is insufficient to put those facts before the Court.") (emphasis in original) (internal citation omitted).

### 2. The Non-Moving Party on a Motion for Summary Judgment Must Come Forward With Admissible Evidence and Cannot Stand on Mere Allegations in the Pleadings

Irrespective of her failure to comply with Local Rule 56.1(b)(3), Plaintiff's Response asserts facts but provides no admissible evidence supporting those factual assertions. For example, Plaintiff states: "Plaintiff was repeatedly told by Defendant that she would receive commissions for several of the accounts within her territory in the next fiscal year by Defendant as an inducement for Plaintiff to remain an employee of Defendant." (Plaintiff's Response, p. 2). But Plaintiff provides no record citation or any other admissible evidence for this proposition.

On a motion for summary judgment, a non-movant cannot rely on mere allegations and must provide admissible evidence in order to establish that there is any issue of material fact for trial. Fed. R. Civ. P. 56(c). *See also Gunville v. Walker*, 583 F.3d 979, 985 (7th Cir. 2009) ("court may consider only admissible evidence in assessing a motion for summary judgment."); *Johnson v. Advocate Health & Hosps. Corp.*, 892 F.3d 887, 896 (7th Cir. 2018) ("It is the [non-movant's] responsibility to go beyond the pleadings and designate specific facts showing that

there is a genuine issue for trial."); *Mack v. City of Chi.*, 2019 WL 1331786, at *4 (N.D. Ill. Mar. 25, 2019) ("[Plaintiff] cannot rely on unsworn allegations in her complaint to avoid summary judgment.") (collecting cases).  Rather, "[t]o successfully oppose [a summary judgment motion], the nonmovant must present definite, competent evidence in rebuttal." *Samuel Son & Co. v. Kinder Morgan Arrow Terminals, L.P.*, 2010 WL 4825666, at *3 (N.D. Ill. Nov. 18, 2010).  The Seventh Circuit has explained that, "if the non-movant does not come forward with evidence that would reasonably permit the finder of fact to find in her favor on a material question, then the court *must* enter summary judgment against her." *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994).

The following unsupported factual assertions in Plaintiff's Response are not competent evidence on summary judgment and must be ignored:

- "Plaintiff exhausted her administrative remedies in this matter. She timely filed charge number 440-2018-0430 with the Equal Employment Opportunity Commission, which cross-filed the charge with the Illinois Department of Human Rights. Plaintiff received a right to sue letter in the above referenced charge and timely filed this action." (Plaintiff's Response, p. 2);

- "Plaintiff was required to provide service for accounts in her territory for which she could not earn commission." (*Id.*);

- "Plaintiff was repeatedly told by Defendant that she would receive commissions for several of the accounts within her territory in the next fiscal year by Defendant as an inducement for Plaintiff to remain an employee of Defendant." (*Id.*);

- "This includes Scott Campbell being allowed to sell MEC products, despite the fact that Plaintiff and Ms. Gallo were more experienced and knowledgeable with those products and often assisted Mr. Campbell with those sales." (*Id.*);

- "Plaintiff and Ms. Gallo were not allowed to sell a product that would have increased revenue for Defendant with minimal costs[.]" (*Id.*);

- "[T]he majority of Defendant's sales representatives are men" (*Id.*);

- "[I]t is not free to excise those accounts from Plaintiff's territory without notice." (*Id.*, p. 3);

- "[O]ther sales representatives in similar situations to the one involving Stan Burt and Rocko Robinson received commissions on the sales sold directly by the underwriter, whereas Plaintiff did not." (*Id.*);

- "Plaintiff stated that she was working during the period in question." (*Id.*); and

- "[Plaintiff's] geographic location has nothing to do with her productivity and does not negate the fact that she was responding to work related inquiries and generating value for Defendant throughout that trip." (*Id.*).

Without any admissible evidence to contest BAH's facts—and without any admissible evidence of any kind to support her contentions—Plaintiff has failed to demonstrate that there is a genuine issue of fact for trial. *See Curtis v. Costco Wholesale Corp.*, 807 F.3d 215, 218-19 (7th Cir. 2015) ("The non-moving party's failure ... to cite to any admissible evidence to support facts presented in response by the non-moving party render the facts presented by the moving party as undisputed."); *Ambre v. Joe Madden Ford*, 881 F. Supp. 1187, 1189 n.2 (N.D. Ill. 1995) ("[I]t is well established, however, that a party opposing summary judgment may not rely on the allegations of her pleadings but must instead present specific facts establishing that a genuine issue of material fact exists for trial.").

II. **The Admitted Facts Establish That Plaintiff Cannot State a Claim Under the IHRA Because She Has Failed to Exhaust Her Administrative Remedies**

Plaintiff has admitted that she failed to notify the IDHR of the EEOC's determination on her Charge of Discrimination within 30 days of receiving the Notice of Right to Sue from the EEOC. (UF ¶¶76-78).[2] As explained in BAH's Memorandum, this fact is dispositive of her

---

[2] Paragraphs in BAH's Statement of Undisputed Facts are cited herein as "UF ¶____."

IHRA claim. *See* 775 ILCS 5/7A-102(A-1)(1), (3) *and* 56 Ill. Admin. Code §2520.490(a)(3). *See also Jafri v. Signal Funding LLC*, 2019 WL 4824883, at *2 (N.D. Ill. Oct. 1, 2019).

**III.    Plaintiff Has Cited No Authority Establishing That The IEPA Covers Alleged Discrimination in Account Assignments**

In its Memorandum, BAH explained that the IEPA only applies to situations where there are disparities in the "rate of pay" between employees of different sexes. 820 ILCS 112/10. *See also Berry v. Bd. of Sup'rs of L.S.U.*, 715 F.2d 971, 976–78 (5th Cir. 1983); *Caetio v. Spirit Coach, LLC*, 992 F.Supp.2d 1199, 1213 (N.D. Ala. 2014). Plaintiff contends in her Response (at p. 2) that BAH's work assignment practices "were essentially a reduction in Plaintiff's compensation," but she has not cited any authority for the proposition that alleged work assignment disparities would result in a cognizable claim under the IEPA. Plaintiff's IEPA claim must be dismissed for this reason alone.

**IV.    Plaintiff Has Not Established Any Basis to Contest The Legitimate, Non-Discriminatory Reasons Proffered By BAH For Its Actions With Respect to Her**

In its Local Rule 56.1 Statement and in its Memorandum, BAH provided a legitimate, non-discriminatory explanation, supported by admissible evidence, for each and every one of the decisions that Plaintiff claims were discriminatory. Plaintiff has offered no admissible evidence to contradict any of these explanations, and without such evidence, summary judgment for BAH is required on Plaintiff's IEPA and IHRA claims.[3] *See Kent v. City of Chi.*, 814 F. Supp. 2d 808, 822 (N.D. Ill. 2011) ("[Plaintiff] has offered no evidence that the [the defendant's] salary schedules were motivated by race or sex discrimination. Because the [defendant] has given bona

---

[3]    Plaintiff argues, on page 2 of her Response, that BAH did not explain the reasoning for the assignment of MEC accounts to Scott Campbell. BAH provided that explanation in Paragraph 49 of its Statement of Undisputed Material Facts.

fide reasons why [others] received a larger salary than [plaintiff], it is entitled to summary judgment as to [plaintiff's] claim."); *Chapman v. City of Danville*, 2011 WL 6748511, at *8 (C.D. Ill. Dec. 22, 2011) ("[Defendant] is entitled to summary judgment on [plaintiff's Illinois Human Rights Act] claim because Plaintiff has presented this court with no evidence to support her claim.); *Hosick v. Chi. State Univ. Bd. of Trs.*, 924 F.Supp.2d 956, 972 (N.D. Ill. 2013).

**V.      Plaintiff Cannot Establish a Claim Under the IWPCA For Unpaid Vacation**

Plaintiff does not contend in her Response that she is owed any amounts from BAH under the IWPCA other than accrued and unused vacation pay. *Palmer v. Marion Cty.*, 327 F.3d 588, 597-98 (7th Cir. 2003) (claims not argued are deemed abandoned). It is undisputed that Plaintiff had a 3.75-hour vacation balance immediately prior to the date of her resignation. (UF ¶¶69, 71, 75). It is also undisputed that, on the day of her resignation, Plaintiff was in Mexico with her boyfriend on a "working vacation" and that BAH counted the day of her resignation as a day of vacation, which more than exhausted her existing 3.75-hour vacation balance.[4] (UF ¶¶72-75).

     **A.      Plaintiff Has Not Provided Any Admissible Evidence Establishing The Extent of Her Alleged Working While On Vacation**

In her Response, Plaintiff contends that because she was working while on vacation, her working made it inappropriate for BAH to have applied vacation time to her final day of employment. But even assuming, *arguendo*, that time spent working on vacation should not have counted against Plaintiff's vacation balance under BAH's vacation policy, Plaintiff has not come forward with any admissible evidence establishing the extent of her alleged working on the

---

[4]    A full day of vacation under BAH's vacation policy is 7.5 hours, and thus 3.75 hours equates to a half day of vacation. (UF ¶¶67, 71).

day of her resignation. Without such evidence, she has done nothing to establish that BAH did not have the right to count at least 3.75 hours of the day of her resignation against her pre-existing 3.75-hour vacation balance.[5]

### B. Nothing in BAH's Vacation Policy Requires BAH To Credit Time Worked By An Employee While on Vacation Against An Employee's Vacation Usage

The IWPCA provides that, "whenever a contract of employment or employment policy provides for paid vacations, and an employee resigns or is terminated without having taken all vacation time earned *in accordance with such contract of employment or employment policy*, the monetary equivalent of all earned vacation shall be paid to him or her as part of his or her final compensation at his or her final rate of pay[.]" 820 ILCS 115/5 (emphasis added). Thus, whether an employee is owed vacation is dependent on the terms of the vacation policy in question pertaining to accrual and usage.

Irrespective of Plaintiff's failure to provide any admissible evidence to establish the extent of her alleged working while on vacation, Plaintiff has pointed to nothing in BAH's vacation policy suggesting that time does not count against an employee's vacation balance simply because the employee performed some work while on vacation. Without evidence that BAH's vacation policy allows for time worked on vacation to offset vacation time used, Plaintiff cannot establish that BAH improperly counted the day of her resignation as vacation time.[6]

---

[5] Even if time worked on vacation did not count against an employee's vacation balance, Plaintiff would have needed to work more than 3.75 hours on her final day (half of the 7.5-hour day) for her to have any positive vacation balance as of the end of her employment with BAH.

[6] BAH's vacation policy from its employee handbook is referenced in Paragraphs 64, 66, and 70 of BAH's Statement of Undisputed Material Facts and is found at pages BAH2023-25 of Exhibit 1 to the Declaration of Stephanie Goode (ECF Doc. No. 54-8, PageID #:559-561). The vacation policy has no provision stating that time worked on vacation offsets vacation usage.

For all of these reasons, Plaintiff has not established any genuine issue of material fact over whether she is owed any vacation from BAH under the IWPCA.

## CONCLUSION

For the foregoing reasons, Defendant respectfully requests that the Court grant summary judgment on the entire Amended Complaint and grant Defendant such further relief as is just and proper.

Dated: April 20, 2021　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　　BERKLEY ACCIDENT AND HEALTH, LLC


　　　　　　　　　　　　　　　　　　　　　By: /s/ W. Patrick Conlon
　　　　　　　　　　　　　　　　　　　　　　　One of their Attorneys

Kevin D. Kelly
W. Patrick Conlon
Locke Lord LLP
111 South Wacker Drive
Suite 4300
Chicago, IL 60606
(312) 443-0217 (K. Kelly)
(312) 443-0323 (W. Conlon)
kkelly@lockelord.com
wpatrick.conlon@lockelord.com

## **CERTIFICATE OF SERVICE**

I, W. Patrick Conlon, an attorney, certify that I caused the foregoing to be served upon all persons and entities authorized and registered to receive such service through the Court's Case Management/Electronic Case Files (CM/ECF) system on April 20, 2021.

*/s/ W. Patrick Conlon*